IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20193-CIV-MOORE/TORRES

KEITH HARDEMON, *et al.*,

      Plaintiff,

vs.

H&R BLOCK EASTERN ENTERPRISES,
INC. d/b/a H&R BLOCK,

      Defendant.

_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION TO CERTIFY CLASS AND GRANTING DEFENDANT'S MOTION TO STRIKE OPT-IN CONSENT FORMS

THIS CAUSE came before the Court upon Plaintiff's Amended Motion to Certify Class (ECF No. 39) and Defendant's Motion to Strike Opt-in Consent Forms (ECF No. 50). These Motions are ripe for review.

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises of the case, the Court enters the following Order.

### I. BACKGROUND

This is a case that involves either egregious attorney incompetence or brilliantly perverse litigation tactics. Unfortunately, it appears to be the former. What began as a routine Fair Labor

Standards Act ("FLSA") case, has turned into what can only be described as a procedural headache for our District Court. Before addressing the issues currently before this Court, we must discuss the previous litigation out of which this mess was borne.

On August 27, 2009, Joaquin Llano[1] filed an FLSA collective action against H&R Block under 29 U.S.C. Section 216(b). Illano v. H&R Block E. Enters., Inc., No. 09-CV-22531 (S.D. Fla. Aug. 27, 2009). Plaintiffs sought wages for unpaid "straight or overtime" hours worked rendering tax services for H&R Block. Plaintiffs moved to certify a nationwide class. The Illano Court refused, finding that this group of 80,000 employees were not similarly situated, but did eventually conditionally certify a class of employees limited to Miami-Dade County. There were 67 plaintiffs in that action, including present name Plaintiff Keith Hardemon ("Hardemon"), and proposed Plaintiffs Terry Norris ("Norris"), Josefina Silva ("Silva"), Pauline Mumford ("Mumford"), and Cary Riveron ("Riveron"). H&R Block subsequently filed a motion to de-certify the class. Using a totality of the circumstances analysis, the Illano Court de-certified the class, directing plaintiffs to file separate lawsuits. Illano, No. 09-CV-22531, Order Granting Defs.' Mot. Decertify Class (ECF No. 145) ("Illano Order").

On May 21, 2010, while Illano was still occurring, a portion of those plaintiffs filed a nearly identical action on behalf of 30 former H&R Block tax preparers, tax professionals, and tax associates--with a new representative plaintiff, Rita Greene. Greene v. H&R Block E. Enters., Inc., 727 F. Supp. 2d 1363 (S.D. Fla. 2010). This time they sought minimum wage claims for off-the-clock work and compensation for mandatory training sessions. They also moved for class certification. The court dismissed the action for impermissible claim-splitting from the FLSA claims

---

[1] Due to a misspelling in the pleadings, the case is denominated Illano.

in Illano and therefore did not address class certification.

The plaintiffs from Illano then filed various individual and small group claims throughout the District. They also proceeded in state court to file another minimum wage claim under state law which H&R Block removed to federal court. Khan v. H&R Block E. Enters., Inc., No. 11-CV-20335, 2011 WL 3269440 (S.D. Fla. July 29, 2011). The Khan case was dismissed for impermissible claim-splitting from the individual overtime actions all the plaintiffs had pending throughout the District. The Khan Court also denied plaintiff's motion to certify a class pursuant to Federal Rule of Civil Procedure 23(a). Plaintiff Hardemon was a party in Illano and Khan. Plaintiff Norris was a party in Illano, Greene, and Khan and has his very own individual case before Judge Jordan, Norris v. H&R Block E. Enters., Inc., No. 11-CV-20197 (S.D. Fla. 2011). Plaintiff Mumford was also a party in Illano, Greene, and Khan and is part of a similar suit before Judge Jordan, Mumford v. H&R Block E. Enters., Inc., No. 11-CV-21148 (S.D. Fla. 2011). Plaintiff Riveron (also sometimes listed as Cary Rivera or Carry Riveron) was also a party to Illano, Greene, and Khan and has a small group claim before Judge Seitz, Riveron v. H&R Block E. Enters., Inc., No. 11-CV-21156 (S.D. Fla. 2011).[2]

## II.  ANALYSIS

Plaintiffs are seeking to conditionally certify a class pursuant to 29 U.S.C. § 216(b). Plaintiffs' proposed class is:

> each and every person . . . who was employed by Defendants, performed services on Defendants' behalf, and/or performed services which benefited Defendants in any way, at any time for the past three (3) years, and who was classified and/or described by

---

[2] Silva was a party in Illano, Greene, and Khan. She has settled her individual suit, Silva v. H&R Block E. Enters., Inc., No. 11-CV-20199 (S.D. Fla. 2011). Plaintiffs withdrew her consent to join notice and she is no longer a plaintiff in this action.

Defendants as an Office Manager and/or Office Leader and/or Office Coordinator[3] or the like . . . .

Pls.' Am. Mot. Certify Class, at 1-2 (ECF No. 39).

Defendant argues that a collective action cannot be certified based on the doctrine of issue preclusion because the Illano Court already decided the issue of certification. Issue preclusion "forecloses the relitigation of an issue of fact or law that has been litigated and decided in a prior suit." I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986). To claim this benefit,

> the party relying on the doctrine must show that: (1) the issue at stake is identical to the one involved in prior proceeding; (2) the issue was actually litigated in prior proceeding; (3) the determination of issue in prior litigation must have been a critical and necessary part of the judgment in first action; and (4) the party against whom collateral estoppel is asserted must have had full and fair opportunity to litigate issue in prior proceeding.

Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1359 (11th Cir. 1998). The issue here is painstakingly similar, but not identical. In Illano, the Court de-certified a "narrow and limited" class of tax-professionals in Miami-Dade County. By contrast, here, Plaintiffs seek to conditionally certify a class of Office Managers and Office Coordinators nationwide. Moreover, though this proposed class has the same limitations as the Illano class, it is arguable that Plaintiffs did not have a full and fair opportunity to litigate whether this specific class should be certified. Thus, the Court will not apply the doctrine of issue preclusion but must deny certification on other grounds.

The proposed class still does not qualify for certification because the members of the class

---

[3] The term Office Leader is a generic term for Office Manager and Office Coordinator. These are managerial positions that report to District Managers. An Office Manager is paid on a salaried basis, and H&R Block argues they are not eligible for overtime pay. Office Coordinators are non-exempt employees who are paid on an hourly basis and eligible for overtime pay.

4

are not similarly situated. "For an opt-in class to be created under § 216(b), a named plaintiff must be suing on behalf of himself and other 'similarly situated' employees. [P]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (citations and quotation marks omitted). In normal FLSA cases, the court would use a two-tiered approach to class certification as suggested by the Eleventh Circuit in Hipp. Id. Such an approach would typically involve the court applying a lenient standard in determining whether to certify a class at the initial "notice stage" of litigation. Id. at 1217-18. Then, in the second stage, once discovery occurs and the defendant files a motion for decertification, the court would make a factual determination as to whether the proposed class was similarly situated. Id. This approach, however, is merely a suggestion. Id. at 1219 ("[W]e suggest that district courts in this circuit adopt it in future cases. Nothing in our circuit precedent, however, requires district courts to utilize this approach."). The voluminous discovery that the Parties have already conducted in connection with class certification in this matter, as well as related actions, merits a heightened level of scrutiny rather than the lenient one recommended in Hipp.

In situations like the one before us, it is appropriate for the Court to make a factual determination based on the totality of the circumstances as to whether the claimants are similarly situated. Indeed, other courts in the Eleventh Circuit have recognized that in cases where there has been substantial discovery, a court may bypass the suggested two-tier approach and decide whether to certify the class based upon the evidence before it. See Lemming v Sec. Forces Inc., 2010 WL 5058532, at *2 (M.D. Fla. Dec. 6, 2010); Vaughn v. Oak St. Mortg., LLC, 2006 WL 1529178, at *1 (M.D. Fla. May 30, 2006). Thus, we will consider the discovery presented in this case, as well as

related cases in analyzing whether to permit class certification.

Though this Court cannot rely on Illano to apply the doctrine of issue preclusion, it is still illustrative with respect to the reasons this Court also will not find the proposed class similarly situated. As stated in Illano, in determining whether plaintiffs are "similarly situated" pursuant to §216 (b) a court will look at several non-exhaustive factors in determining whether plaintiffs are similarly situated. Illano Order, at 3. They include:

> (1) the disparate factual and employment settings of the individual plaintiffs,
> (2) the various defenses available to the defendant which appeared to be individual to each plaintiff, and
> (3) fairness and procedural considerations.

Id. (citing Pfohl v. Farmers Ins. Grp., No. 03-3080, 2004 WL 554834, at *2 (C.D. Cal. Mar. 1, 2004)). In analyzing these factors, the Illano court noted that the disparate factual and employment setting of the individual plaintiffs weighed against collective action. Id. at 5. Even though the plaintiffs alleged a national, unifying policy, "the hierarchy of supervision alone demonstrate[d] that collective consideration of all offices run by Defendant within Miami-Dade County is inappropriate." Id. It explained how office leaders reported to district managers who reported to regional directors. Id. It referred to depositions of proposed plaintiffs who explained how district managers or office leaders would manage the districts or offices differently. Id. at 5-6. These discrepancies required individualized inquiries and a collective action was not appropriate. Here, Plaintiffs merely take one step-up with respect to hierarchy, attempting to create a class of office leaders, completely ignoring the Illano court's explanation as to why there existed disparate factual issues. Moreover, Illano was only referring to a class of tax preparers in Miami-Dade County. Plaintiffs want to create a *nationwide* class, clearly implicating even more factual discrepancies.

Second, the facts here explicitly show various defenses available to Defendant that, based on the positions of the present opt-in Plaintiffs, appear to be individual to each Plaintiff. First, Defendant claims Mumford never worked in a non-exempt managerial position. From 2007-09 she worked as a salaried exempt Office Manager. See Meoqui Dec. ¶ 10 (ECF No. 50-6); see also Dep. P. Mumford at 59:24-60:3 (ECF No. 50-8). In 2010, she worked as a tax professional in a non-exempt position. Meoqui Dec. ¶ 10. Defendant may argue that she is exempt under the FLSA. Second, Defendant may want to argue that Norris was never in a managerial position. This would be a strong argument as Norris' personnel file indicates he was never in a managerial position while employed at H&R Block. Personnel File of T. Norris (ECF No. 50-9). Third, Defendant may elect to argue that Riveron was never an Office Manager and perhaps that Riveron is retaliating for being terminated for filing fraudulent tax returns. Meoqui Dec. ¶¶ 15, 16. Finally, Norris and Riveron may also be subject to a statute of limitations defense. In Illano, the court noted that the undetermined number of individuals subject to the FLSA time-bar provision weighed against collective treatment. Illano Order at 7. The same problem exists here. These variances indicate the proposed Plaintiffs are not "similarly situated" as to require a collective action.

Finally, for the reasons stated above, the Court will strike all of the Plaintiffs who have filed Notices of Consent to Join. These Plaintiffs are involved in other actions and will not be prejudiced.

### III.  CONCLUSION

For the reasons stated above, it is

ORDERED AND ADJUDGED that Plaintiff's Amended Motion to Certify Class (ECF No. 39) is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Strike Opt-in Consent Forms is GRANTED (ECF No. 50). Plaintiffs Norris, Mumford, and Riveron Opt-in Consent Forms (ECF Nos. 34, 38, and 43) are STRICKEN. This case shall remain OPEN.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of August, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record